IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARRY RAY KLINE, :
    Plaintiff :
     :
  v. : CIVIL NO. 1:12-CV-1727
     :
KENNETH HALL, :
TERRY DEWITT, and :
PRESTON STRAYER, :
    Defendants :

*M E M O R A N D U M*

I. *Introduction*

Plaintiff, Garry Ray Kline, filed this suit under 42 U.S.C. § 1983. Defendants are Kenneth Hall, Terry DeWitt, and Preston Strayer, three Franklin County police officers. Plaintiff alleges that defendants DeWitt and Hall arrested him at a DUI (driving under the influence) checkpoint, allegedly suspecting him of driving under the influence of alcohol, but that they lacked probable cause for the arrest. Defendant Strayer subsequently charged Plaintiff with driving under the influence, also without probable cause.

Plaintiff makes two federal civil-rights claims, one for malicious prosecution against all three defendants and the other for false arrest against DeWitt and Hall. We are considering two motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state claim, one filed by defendant Hall and the other by defendant Strayer. Both motions challenge only the malicious prosecution claim.

II. *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

With this standard in mind, we set forth the background to this litigation, as Plaintiff alleges it.

III. *Background*

On or about the night of September 3-4, 2010, a police officer waived Plaintiff through a DUI checkpoint. (Doc. 1, Compl. ¶ 12). Nonetheless, defendant DeWitt stopped Plaintiff and alleged that he "smelled of alcohol and later alleged plaintiff spoke as if he were 'thick tongued.'" (*Id.* ¶ 13).[1] Officer DeWitt "administered, in a throughly flawed and incomplete fashion, a field sobriety test," "[knowing] the test was faulty and was not being conducted properly." (*Id.* ¶¶ 14-15).

Defendants Hall and DeWitt then arrested Plaintiff and handcuffed him. (*Id.* ¶ 16). Even though both Hall and DeWitt knew there was no probable cause, defendant Hall "drove the plaintiff to a local hospital for a blood test . . . ." (*Id.* ¶ 17). This test "was administered to the plaintiff against his will" because he was threatened with the loss of his driver's license if he did not comply. (*Id.*). The blood alcohol test "indicat[ed] plaintiff was well below the lowest legal level for blood alcohol." (*Id.* ¶ 18).

About ten days later, "[o]n September 13, 2010 the defendant Strayer charged plaintiff with one count of 'Driving under the Influence –- General Impairment." (*Id.* ¶ 22).[2] The charge was not supported by probable cause. (*Id.* ¶ 25). Probable cause was lacking "because the field sobriety test (and the checkpoint) conducted by the

---

[1] Plaintiff alleges that "he has a minor speech impediment that is consistent throughout his speech and which in no way creates any legitimate impression of his being 'thick tongued' due to alcohol." (*Id.*).

[2] See 75 Pa.C.S. § 3802(a). Plaintiff alleges that this "charge is a catch-all used by law enforcement when the totality of alcohol tests speak to the accused being below, as here, any applicable legal limits, which as a matter of law, create an irrefutable presumption of driving under the influence." (Compl. ¶ 23).

-3-

police was totally flawed both procedurally and substantively and because "the hospital's blood alcohol test indicated no unlawful level of intoxication." (*Id.* ¶ 28). "Officers DeWitt and Hall joined Strayer in his baseless prosecution of the plaintiff . . . ." (*Id.* ¶ 8). On October 13, 2011, Plaintiff was found not guilty following a bench trial, with the judge writing that the Commonwealth had failed to establish every element of the crime beyond a reasonable doubt. (*Id.* ¶¶ 26-27).

In Count I of the complaint, Plaintiff makes a federal malicious prosecution claim against all three defendants for a violation of the Fourth Amendment. In Count II, Plaintiff makes a federal false arrest claim against defendants DeWitt and Hall for his arrest on September 3 or 4, 2010, allegedly without probable cause.

IV. *Discussion*

"To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007).[3]

---

[3] Plaintiff asserts that the fifth element is not part of a federal malicious prosecution claim, but he is mistaken. His citation to *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000), is for the tort of malicious prosecution under Pennsylvania law, not under federal law, as *Merkle* itself makes clear. *Id.* at 792.

Defendant Strayer moves to dismiss the malicious prosecution claim on the following grounds: (1) a criminal prosecution is initiated by the District Attorney and not by a police officer, so while Strayer might have "processed" Plaintiff's arrest based on information he received from DeWitt and Hall, he did not initiate it; (2) Plaintiff fails to sufficiently allege a lack of probable cause, resting on legal allegations without mentioning that the charge survived a preliminary hearing; (3) Plaintiff fails to allege that Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice; and (4) Plaintiff fails to allege a loss of liberty resulting from the prosecution.

We need not address Defendant's first argument. We agree with the other three. Plaintiff's allegations concerning probable cause lack sufficient factual specificity; indeed, they are entirely conclusory. Plaintiff alleges Officer DeWitt administered the field sobriety test in a throughly flawed and incomplete fashion but fails to allege facts that would support that conclusion. Plaintiff alleges the hospital's blood alcohol test indicated no unlawful level of intoxication but fails to allege facts showing why that is so. Finally, Plaintiff alleges the checkpoint was flawed procedurally and substantively but fails to allege facts to support that conclusion. Plaintiff has also failed to allege that Defendants acted with malice or for a purpose other than bringing the plaintiff to justice.

The most significant omission, however, is Plaintiff's failure to allege he suffered a deprivation of liberty consistent with the concept of seizure. This deprivation of liberty must have resulted from a criminal proceeding. *See Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (a plaintiff "must show that he suffered a

seizure as a consequence of a legal proceeding"). In the instant case, the criminal proceeding was the filing of the DUI charge, but Plaintiff does not allege any deprivation of liberty after the charge was filed. He does allege that he had to undergo a trial on the charge, but being forced to go to trial is not a deprivation of liberty for a malicious prosecution charge based on the Fourth Amendment. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) ("attendance at trial [does] not qualify as a Fourth Amendment seizure").

We recognize that Plaintiff alleges he was arrested, handcuffed, and then taken to a hospital for a blood sample, but this seizure occurred some ten days before the charge was filed. It cannot be used to satisfy the deprivation-of-liberty element in this case. *See Laufgas v. Patterson*, 206 F. App'x 196, 198 (3d Cir. 2006) (nonprecedential) (the plaintiff's warrantless arrest and subsequent two-hour detention was a seizure but since it occurred before the criminal complaint was filed, it cannot be the basis of a federal malicious prosecution claim); *see also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 591 (M.D. Pa. 2008) (post-arrest detention at the police station was not a seizure when the plaintiff did not allege it was the result of legal process).

The malicious prosecution claim must therefore be dismissed as against defendant Strayer. We turn now to defendant Hall's motion to dismiss the malicious prosecution claim. Hall makes two of the same arguments against the malicious prosecution claim as Strayer does: (1) a criminal prosecution is initiated by the District Attorney and not by a police officer; and (2) Plaintiff fails to allege a loss of liberty

resulting from the prosecution. Based on the above analysis of the deprivation-of-liberty element of the claim, the malicious prosecution claim must also be dismissed as against defendant Hall.

V. *Conclusion*

We must decide whether to grant leave to amend the malicious prosecution claim against defendants Strayer and Hall. We must grant leave to amend a civil-rights claim even if a plaintiff does not request it and even if he is represented by counsel. *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007). We do not have to do so, however, if amendment would be futile. *Id.*

It is possible that Plaintiff could amend his malicious prosecution claim if the claim were only deficient as to the elements of lack of probable cause and malice. However, it does not appear that Plaintiff can amend to cure the deficiency in the deprivation-of-liberty element as any restraint on Plaintiff's liberty occurred before the DUI charge was filed. We will therefore not grant leave to amend this claim. Since this is the only claim against defendant Strayer, he will be dismissed from the action.

Our decision leads to another issue. Defendant DeWitt did not file a motion to dismiss the malicious prosecution claim, but it appears that the claim is meritless as against him for the same reason it is deficient as against Strayer and Hall. We have authority to dismiss a complaint sua sponte under Fed. R. Civ. P. 12(b)(6), but, generally, only after giving the plaintiff an opportunity to respond. *Bethea v. Nation of Islam*, 248 F. App'x 331, 333 (3d Cir. 2007) (nonprecedential) (citing *Oatess v. Sobolevitch*, 914 F.2d

428, 430 n.5 (3d Cir. 1990)). "However, although disfavored, a sua sponte dismissal may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile." *Id.* We have already decided that amendment of the malicious prosecution claim would be futile. We will therefore dismiss the malicious prosecution claim against defendant DeWitt as well. In making this decision, we also rely on the fact that the case is still pending by way of the false arrest claim so that Plaintiff may file an interlocutory motion for reconsideration if he disagrees with our ruling.

  We will issue an appropriate order.

               /s/ William W. Caldwell
              William W. Caldwell
              United States District Judge

Date: December 11, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARRY RAY KLINE, :
    Plaintiff :
     :
  v. : CIVIL NO. 1:12-CV-1727
     :
KENNETH HALL, :
TERRY DEWITT, and :
PRESTON STRAYER, :
    Defendants :

*O R D E R*

AND NOW, this 11th day of December, 2012, it is ORDERED that:

  1. The motion (Doc. 12) to dismiss filed by defendant, Preston Strayer, is GRANTED.

  2. Count I, the federal malicious prosecution claim, is dismissed as against Preston Strayer, and Strayer is dismissed from this action.

  3. The motion (Doc. 17) to dismiss filed by defendant, Kenneth Hall, is GRANTED.

  4. Count I, the federal malicious prosecution claim, is dismissed as against defendant, Kenneth Hall.

  5. Count I, the federal malicious prosecution claim, is dismissed sua sponte as against defendant, Terry DeWitt.

                    /s/ William W. Caldwell
                    William W. Caldwell
                    United States District Judge