IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARRY RAY KLINE, :
    Plaintiff :
     :
    v. : CIVIL NO. 1:12-CV-1727
     :
KENNETH HALL, :
TERRY DEWITT, and :
PRESTON STRAYER, :
    Defendants :

*M E M O R A N D U M*

I. *Introduction and Procedural History*

Plaintiff, Garry Ray Kline, filed this suit under 42 U.S.C. § 1983. He named as defendants Kenneth Hall, Terry DeWitt, and Preston Strayer, three Franklin County police officers. Plaintiff alleged that defendants DeWitt and Hall arrested him at a DUI checkpoint,[1] allegedly suspecting him of driving under the influence of alcohol, but that they did so knowing that they lacked probable cause for the arrest. Defendant Strayer subsequently charged Plaintiff with driving under the influence, also without probable cause.

Plaintiff was acquitted at the criminal trial. In the instant case, he made two federal civil-rights claims, one for malicious prosecution against all three defendants and the other for false arrest against DeWitt and Hall. Defendants Hall and Strayer filed separate motions to dismiss under Fed. R. Civ. P. 12(b)(6) against the malicious prosecution claim, asserting that it failed to state claim. As a result of those motions, we

---

[1] "Driving under the influence."

dismissed without leave to amend the malicious prosecution claim as against all three defendants, not just Hall and Strayer. *Kline v. Hall*, 2012 WL 6137620, at *3-4 (M.D. Pa. Dec. 22, 2012).

Our ruling left in place the false arrest claim against DeWitt and Hall. They each filed an answer, and then each filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). It is those motions we are now considering. Both defendants make the following two arguments against the false arrest claim: (1) Plaintiff's allegations on the lack of probable cause, an element of the claim, are conclusory and fail to meet Plaintiff's burden to plead sufficient facts in support of the claim; and (2) Plaintiff is collaterally estopped from relitigating the issue of probable cause by the decision of the trial judge in the criminal trial to deny Plaintiff's motion for judgment of acquittal at the end of the Commonwealth's case against him. Defendants also make a third argument, differing slightly in their approach, that the finding by a Pennsylvania magisterial district judge that there was probable cause to bind Plaintiff over for trial shows that Defendants did have probable cause to arrest Plaintiff. Finally, Defendant DeWitt also raises the defense of qualified immunity.

We reject the second and third arguments, but we agree with Defendants that Plaintiff has not sufficiently pled a lack of probable cause. We will therefore dismiss the false arrest claim. However, we will grant Plaintiff leave to file an amended complaint so that he may allege the claim with sufficient factual allegations, if there is a reasonable basis to do so.

II. *Standard of Review*

The Rule 12(c) motions for judgment on the pleadings challenge only the averments in the complaint. In these circumstances, we employ the same standard of review we would use for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Caprio v. Healthcare Revenue Recovery Group, LLC.*, 709 F.3d 142, 146-47 (3d Cir. 2013). On a Rule 12(b)(6) motion, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

The Third Circuit has described the Rule 12(b)(6) inquiry as a three-part process:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)(quoted cases omitted).

With this standard in mind, we set forth the background to this litigation, as Plaintiff alleges it.

III. *Background*

On or about the night of September 3-4, 2010, a police officer waived Plaintiff through a DUI checkpoint. (Doc. 1, Compl. ¶ 12). Nonetheless, defendant DeWitt stopped Plaintiff and alleged that he "smelled of alcohol and later alleged plaintiff spoke as if he were 'thick tongued.'" (*Id.* ¶ 13).[2] Officer DeWitt "administered, in a throughly flawed and incomplete fashion, a field sobriety test," "[knowing] the test was faulty and was not being conducted properly." (*Id.* ¶¶ 14-15).

Defendants Hall and DeWitt then arrested Plaintiff and handcuffed him. (*Id.* ¶ 16). Even though both Hall and DeWitt knew there was no probable cause, defendant

---

[2] Plaintiff alleges that "he has a minor speech impediment that is consistent throughout his speech and which in no way creates any legitimate impression of his being 'thick tongued' due to alcohol." (*Id.*).

-4-

Hall "drove the plaintiff to a local hospital for a blood test . . . ." (*Id.* ¶ 17). This test "was administered to the plaintiff against his will" because he was threatened with the loss of his driver's license if he did not comply. (*Id.*). The blood alcohol test "indicat[ed] plaintiff was well below the lowest legal level for blood alcohol." (*Id.* ¶ 18).

About ten days later, "[o]n September 13, 2010 the defendant Strayer charged plaintiff with one count of 'Driving under the Influence –- General Impairment." (*Id.* ¶ 22).[3] The charge was not supported by probable cause. (*Id.* ¶ 25). Probable cause was lacking "because the field sobriety test (and the checkpoint) conducted by the police was totally flawed both procedurally and substantively and because "the hospital's blood alcohol test indicated no unlawful level of intoxication." (*Id.* ¶ 28). On October 13, 2011, Plaintiff was found not guilty following a bench trial, with the judge writing that the Commonwealth had failed to establish every element of the crime beyond a reasonable doubt. (*Id.* ¶¶ 26-27).

IV. *Discussion*

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).

---

[3] See 75 Pa.C.S. § 3802(a). Plaintiff alleges that this "charge is a catch-all used by law enforcement when the totality of alcohol tests speak to the accused being below, as here, any applicable legal limits, which as a matter of law, create an irrefutable presumption of driving under the influence." (Compl. ¶ 23).

Here, defendants DeWitt and Hall first argue that Plaintiff fails to state a false arrest claim because his allegations as to probable cause are totally conclusory. They cite in support our conclusion in the December 22, 2012, memorandum. As we stated there:

> Plaintiff's allegations concerning probable cause lack sufficient factual specificity; indeed, they are entirely conclusory. Plaintiff alleges Officer DeWitt administered the field sobriety test "in a throughly flawed and incomplete fashion" but fails to allege facts that would support that conclusion. Plaintiff alleges the hospital's blood alcohol test indicated no unlawful level of intoxication but fails to allege facts showing why that is so. Finally, Plaintiff alleges the checkpoint was flawed "procedurally and substantively" but fails to allege facts to support that conclusion.

*Kline, supra,* 2012 WL 6137620, at *2 (quotation marks added).[4]

In opposition, Plaintiff argues that the allegations are specific enough. In support, he submits a portion of the transcript of his criminal trial and asserts the transcript will reveal the facts showing a lack of probable cause. (Doc. 28, Ex. A to Pls.' Br. in Opp'n to Hall's motion). We reject Plaintiff's position. We deal here with the adequacy of his complaint, and defects in the complaint are not cured by telling the court and opposing parties to look elsewhere. As *Twombly* makes clear, Plaintiff must plead enough facts to make his claim plausible. *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955 at

---

[4] We addressed the sufficiency of the pleading of probable cause because probable cause is also an element of a malicious prosecution claim. *Id.*

1974. The false arrest claim against DeWitt and Hall is therefore subject to dismissal for failing to adequately plead the lack of probable cause.[5]

Defendants also argue Plaintiff is collaterally estopped from relitigating the issue of probable cause by the decision of the trial judge to deny Plaintiff's motion for judgment of acquittal at the end of the Commonwealth's case against him during his criminal trial.[6] They buttress this argument by pointing out that the denial of the motion was a finding that the Commonwealth had made a prima facie case against Plaintiff, and a prima facie case arguably requires more proof than a finding of probable cause. *See Stewart v. Abraham*, 275 F.3d 220, 229-30 (3d Cir. 2001).

---

[5] We have considered other arguments Plaintiff has made and reject them.

[6] The trial court reasoned as follows:

> The issue is general impairment, and there is evidence to the effect that would support the trier of fact to conclude ultimately after all the evidence is in that there was alcohol, that there was certain aspects that could be considered impaired driving, by other indicators, failure to acknowledge to see or obey, rather straight forward and specific traffic markings and signs as to what– that he was to stop and disregarded those and the evidence that he failed field sobriety tests.
> Now ultimately I understand that all those matters are going to be further contested as to the Commonwealth's burden of proof in the end which is beyond a reasonable doubt after the close of the defendant's case, but I believe the Commonwealth has sufficient evidence to get this case to the trier of fact, so the motion for acquittal will be denied.

(Doc. 28-5, ECF pp. 29-30).

We assume for the sake of argument that we can reach this issue on the current motions.[7] Defendants in a federal civil-rights action can raise collateral estoppel when a plaintiff attempts to relitigate in his federal suit an issue decided against him in state criminal proceedings. *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986); *Ingram v. Lupas*, 353 F. App'x 674, 676 (3d Cir. 2009)(nonprecedential). In deciding whether collateral estoppel bars relitigation of the issue, the court looks to the law of the state on collateral estoppel where the judgment was entered. Under Pennsylvania law, collateral estoppel applies when:

> (1) An issue decided in a prior action is identical to one presented in a later action; (2) The prior action resulted in a final judgment on the merits; (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Jones v. United Parcel Serv.*, 214 F.3d 402, 405-06 (3d Cir. 2000)(quoting *Rue v. K-Mart Corp.*, 552 Pa. 13, 17, 713 A.3d 82, 84 (1998)).

Defendants' argument fails on the fourth prong of collateral estoppel. Plaintiff could not appeal the denial of his motion for judgment of acquittal because he was the prevailing party in the trial court. *See Commonwealth v. Dellisanti*, 831 A.2d 1159, 1163 n.7 (Pa. Super. Ct. 2003), *rev'd on other grounds*, 583 Pa. 106, 876 A.2d 366 (2005). Because he could not appeal that ruling, he did not have a full and fair

---

[7] The trial court's ruling appears in the transcript attached as Exhibit A to Plaintiff's brief in opposition to Hall's motion to dismiss. (Doc. 28-5, ECF pp. 28-30).

opportunity to litigate the issue of probable cause and he is not estopped from litigating that issue here. *See Dixon v. Richer*, 922 F.2d 1456, 1459 (10th Cir. 1991)(plaintiffs acquitted in a state criminal trial were not estopped from litigating the issue of probable cause in their federal civil-rights action when they could not have appealed the trial court's ruling denying their motion to suppress). As further support for our conclusion, we observe that in *James v. Heritage Valley Federal Credit Union,* 197 F. App'x 102 (3d Cir. 2006)(nonprecedential), the Third Circuit noted the holding in *Dixon* that "the ability to appeal an adverse ruling is indispensable to a finding that there existed a full opportunity to litigate the issue." *Id.* at 106.[8] *See also G.G. v. M.N.*, 38 Pa. D.& C.4th 439, 442 (Pa. Common Pleas Ct. - Allegheny Cnty. 1998)(defendant was not collaterally estopped from relitigating an issue resolved against her in a prior proceeding when she was the prevailing party in that proceeding and thus could not appeal the adverse ruling, citing Restatement (Second) of Judgments § 28 cmt. a).

In making this argument, Defendants rely on *Free Speech Coalition, Inc. v. Attorney General*, 677 F.3d 519 (3d Cir. 2012), and *Dyndul v. Dyndul*, 620 F.2d 409 (3d Cir. 1980). Those cases do not assist Defendants. In one way, they are supportive of Plaintiff; both cases recognize that one factor favoring collateral estoppel is whether the ruling "could have been, or actually was, appealed." *Free Speech Coalition*, 677 F.3d at 541 (internal quotation marks and quoted case omitted); *Dyndul*, 620 F.2d at 411 n.4.

---

[8] We acknowledge, however, that the Third Circuit's holding in *Heritage Valley* was that the plaintiff's Fourth Amendment claims were collaterally estopped by the trial court's suppression-motion ruling, but only because the plaintiff there could have appealed the ruling, *id.,* something plaintiff Kline could not do here.

Hence in *Free Speech Coalition*, collateral estoppel did not apply because, in part, the ruling was one granting partial summary judgment, and because a final judgment had never been entered in the case, the "order granting partial summary judgment was never appealable." 677 F.3d at 541. Conversely, in *Dyndul*, collateral estoppel did apply, in part, because the party "chose not to appeal the order when the opportunity was fully present." 620 F.2d at 412. Consistently then, in the instant case, collateral estoppel does not apply because Plaintiff could not appeal the trial court's ruling on his motion for judgment of acquittal.[9]

Defendants also argue that the claim must be dismissed because the finding by a Pennsylvania magisterial district judge that there was probable cause to bind Plaintiff over for trial shows that Defendants did have probable cause to arrest Plaintiff. In making this argument, Defendant Hall asserts that Plaintiff alleges he was bound over for trial, (doc. 39, p. 10), and being bound over for trial means there must have been a finding of probable cause at a preliminary hearing. Defendant DeWitt takes a slightly different approach, focusing on a failure to plead, and asserting that Plaintiff's failure to allege that his criminal charge "was not 'bound over,'" (Doc. 26, p. 7), means that it was bound over, and a finding of probable cause made.

We reject Hall's argument because Plaintiff makes no allegation that his criminal case was bound over. Defendant's motion is a challenge only to the allegations

---

[9] Defendant Hall is therefore incorrect in asserting that Plaintiff's failure to appeal is enough. The relevant fact is that Plaintiff could not appeal.

of the complaint, and Plaintiff nowhere in his complaint makes any allegations about his preliminary hearing, or any findings by the judicial officer who may have presided at that hearing as to probable cause. We reject DeWitt's argument because no inference that there was probable cause can be made from a failure to plead what might have happened at a preliminary hearing. Additionally, Plaintiff is not required to allege what happened at the preliminary hearing as part of a false arrest claim.

In any event, as Defendants themselves concede, a finding of probable cause at a preliminary hearing is only "weighty evidence" that there was probable cause; it is not conclusive. *Jones v. Middletown Twp.*, 253 F. App'x 184, 190 (3d Cir. 2007)(nonprecedential); *Doll v. Williams*, No. 08-CV-675, 2009 WL 3103832, at *1 (M.D. Pa. Sept. 24, 2009)(Caldwell, J.)("[t]hat a magisterial district judge determined that Pennsylvania had established a prima facie case may indeed be 'weighty evidence,' but it is not determinative"); *Bingaman v. Bingaman*, No. 07-CV-2352, 2009 WL 2424641, at *3 (M.D. Pa. Aug. 5, 2009)(the mere fact that the plaintiff was held over for trial following a preliminary hearing does not establish there was probable cause for charging the plaintiff).

Defendants cite *Brandt v. Borough of Palmyra*, No. 08-CV-677, 2009 U.S. Dist. Lexis 27160 (M.D. Pa. Mar. 30, 2009), but that case is distinguishable. In *Brandt*, the court did grant a motion to dismiss a malicious prosecution claim solely on the basis that the charges had been bound over for trial after a preliminary hearing. However, the plaintiff there had "not lodged any allegations whatsoever that cast doubt upon the

-11-

existence of probable cause . . ." 2009 U.S. Dist. Lexis 27160 at *11. In those circumstances, the court dismissed the claim even though a finding of probable cause by a Pennsylvania magisterial district judge was generally only "weighty evidence" of its existence. *Id.* at *10. Here, Plaintiff does make allegations about the lack of probable cause, albeit at this time only conclusional ones.

V. *Conclusion*

We must decide whether to grant leave to amend the false arrest claim against defendants DeWitt and Hall. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007). Defendants argue that we should not grant leave to amend, but this is the first opportunity Plaintiff has to amend the false arrest claim, so we will grant leave to do so.[10]

We will issue an appropriate order.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge

Date: April 25, 2013

---

[10] Defendant DeWitt raised the defense of qualified immunity. We will not rule on that defense at this time, and Defendant can raise it later. We should first see if Plaintiff can plead a valid false arrest claim, and any specificity Plaintiff adds to the claim will affect the disposition of a qualified immunity defense.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARRY RAY KLINE, :
    Plaintiff :
:
  v. : CIVIL NO. 1:12-CV-1727
:
KENNETH HALL, :
TERRY DEWITT, and :
PRESTON STRAYER, :
    Defendants :

*O R D E R*

AND NOW, this 25th day of April, 2013, it is ORDERED that:

  1. The motion (Doc. 25) for judgment on the pleadings filed by defendant Hall and the motion (Doc. 38) for judgment on the pleadings filed by defendant DeWitt are GRANTED.

  2. Count II, the false arrest claim against defendants Hall and DeWitt, is hereby DISMISSED.

  3. Plaintiff is granted twenty-one (21) days from the date of this order to file an amended complaint setting forth with sufficient factual allegations his false arrest claim against Hall and DeWitt.

  4. If Plaintiff fails to do so, this action will be dismissed.


                      /s/ William W. Caldwell
                      William W. Caldwell
                      United States District Judge