IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARRY RAY KLINE, :
    Plaintiff :
     :
    v. : CIVIL NO. 1:12-CV-1727
     :
KENNETH HALL, :
TERRY DEWITT, and :
PRESTON STRAYER, :
    Defendants :

*M E M O R A N D U M*

I. *Introduction and Procedural History*

      We are considering three motions to dismiss the amended complaint, filed by each of the three defendants. Plaintiff, Garry Ray Kline, filed this suit under 42 U.S.C. § 1983. He named as defendants Kenneth Hall, Terry DeWitt, and Preston Strayer, Franklin County police officers. Plaintiff alleged that defendants DeWitt and Hall arrested him at a DUI checkpoint, allegedly suspecting him of driving under the influence of alcohol, but that they did so knowing that they lacked probable cause for the arrest. Defendant Strayer subsequently charged Plaintiff with driving under the influence, also without probable cause.

      Plaintiff was acquitted at the criminal trial. In the instant case, he made two federal civil-rights claims, one for malicious prosecution against all three defendants and the other for false arrest against DeWitt and Hall. Defendants Hall and Strayer filed separate motions to dismiss under Fed. R. Civ. P. 12(b)(6) against the malicious prosecution claim, asserting that it failed to state claim. As a result of those motions, we

dismissed without leave to amend the malicious prosecution claim as against all three defendants, not just Hall and Strayer. *Kline v. Hall*, 2012 WL 6137620, at *3-4 (M.D. Pa. Dec. 11, 2012).

Our ruling left in place the false arrest claim against DeWitt and Hall. They each filed an answer, and then each filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Both defendants made the following three arguments against the false arrest claim: (1) Plaintiff's allegations on the lack of probable cause, an element of the claim, were conclusory and failed to meet Plaintiff's burden to plead sufficient facts in support of the claim; (2) Plaintiff was collaterally estopped from relitigating the issue of probable cause by the decision of the trial judge in the criminal trial to deny Plaintiff's motion for judgment of acquittal at the end of the Commonwealth's case against him; and (3) the finding by a Pennsylvania magisterial district judge that there was probable cause to bind Plaintiff over for trial showed that Defendants did have probable cause to arrest Plaintiff.[1]

We rejected the second and third arguments, but we agreed with Defendants that Plaintiff had not sufficiently pled a lack of probable cause. *Kline v. Hall*, 2013 WL 1775061, at *3-5 (M.D. Pa. April 25, 2013). We therefore dismissed the false arrest claim, but granted Plaintiff leave to file an amended complaint so that he could allege the claim with sufficient factual allegations. *Id.* at *6.

---

[1] DeWitt also raised the defense of qualified immunity.

Plaintiff filed an amended complaint.  In an attempt to cure the factual insufficiency of his original complaint, Plaintiff alleges he has incorporated by reference "the entire proceeding in his criminal trial," (Doc. 45, Am. Compl. ¶ 1), more specifically, the transcript of the criminal trial, which he says is attached to defendant DeWitt's brief in support of DeWitt's motion for judgment on the pleadings.  (*Id.*).  Plaintiff identifies paragraphs 14a through 14i as the additional averments which rely on the criminal transcript.

II. *Standard of Review*

As noted, we are considering the motions to dismiss the amended complaint.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

The Third Circuit has described the Rule 12(b)(6) inquiry as a three-part process:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)(quoted cases omitted).

With this standard in mind, we set forth the background to this litigation, as the amended complaint alleges it.

III. *Background*

On or about the night of September 3-4, 2010, a police officer waived Plaintiff through a DUI checkpoint. (Doc. 45, Am. Compl. ¶ 12). Nonetheless, defendant DeWitt stopped Plaintiff and alleged that he "smelled of alcohol and later alleged plaintiff spoke as if he were 'thick tongued.'" (*Id.* ¶ 13).[2] Officer DeWitt "administered, in a

---

[2] Plaintiff alleges that "he has a minor speech impediment that is consistent throughout his speech and which in no way creates any legitimate impression of his being 'thick tongued' due to alcohol." (*Id.*).

-4-

throughly flawed and incomplete fashion, a field sobriety test," "[knowing] the test was faulty and was not being conducted properly." (*Id.* ¶¶ 14 and 15).

Consistent with Plaintiff's attempt to inject factual sufficiency into his amended complaint by referring to the transcript of his criminal trial, he newly alleges as follows:

> 14a.  Expert Joseph Citron, certified by the National Health and Transportation Safety Board (sic)(NHTSA) as an instructor in field sobriety testing and DRE programs, testified that the defendants Hall and DeWitt did not ask required field sobriety test screening questions and that plaintiff was not a qualified candidate for such a test.  He further testified defendant's conduct of the test was faulty.  See NT (Transcript of proceedings in the Franklin County Court of Common Pleas at #2204 – 2010 on October 6, 2011 before the Hon. Douglas W. Herman P.J.) page 153 lns 1-20; NT page 201 ln 22-page 202 ln 8; NT page 203 ln 9-page 205 ln 21; NT page 205 ln 22 - page 208-ln 4.
>
> 14b.  Officer DeWitt and Hall, admittedly not up to training standards, failed to properly apply eye color ("bloodshot eyes") and ("odor of alcohol standards") in the screening and conduct of their faulty and unreliable field sobriety test used against plaintiff.
>
> 14c.  DeWitt with Hall conducted the "one leg stand" and the "walk in (sic) turn" test in a faulty manner.  Additionally, plaintiff was over 50 pounds overweight and not [a] candidate for the test.  He thus returns false positives applicable to field sobriety tests about which Hall and DeWitt were trained but which they failed to follow.
>
> 14d.  Plaintiff was improperly told to walk heel to toe, touching heel to toe which is not proper under NHTSB (sic) standards.

> 14e. The trial transcript demonstrates Officer Strayer was the arresting authority, however the transcript, an exhibit to a prior brief, was not consulted by the court nor the defendants.
>
> 14f. Hall used incorrect non-applicable faulty criteria in his field sobriety test such as a nonexistent bloodshot eyes standard. NT page 83 ln 10-NT page 88 ln 4.
>
> 14g. Plaintiff Kline was never asked if he was a diabetic (which he is) nor was he asked any other necessary and essential medical screening questions as per NHSTB (sic) requirements. NT page 89 ln 5 - page 91 ln 19.
>
> 14h. Mr. Hall admitted he conducted the standardized field sobriety test incorrectly in Mr. Kline's case. NT page 99 ln 24 - page 112 ln-10.
>
> 14i. In support of the above plaintiff is filing the above-referenced transcript of plaintiffs October 6, 2011 trial that irrefutably demonstrates the defendants' admissions and the specific testimony of a highly qualified expert, that defendants' field sobriety tests were totally flawed and incomplete and were legally and factually devoid of probable cause as a matter of law and fact.

(*Id.*, ¶¶ 14a-14i).

Plaintiff then returns to his original allegations. Defendants Hall and DeWitt then arrested Plaintiff and handcuffed him. (*Id.* ¶ 16). Even though both Hall and DeWitt knew there was no probable cause, defendant Hall "drove the plaintiff to a local hospital for a blood test . . . ." (*Id.* ¶ 17). This test "was administered to the plaintiff against his will" because he was threatened with the loss of his driver's license if he did not comply. (*Id.*). The blood alcohol test "indicat[ed] plaintiff was well below the lowest legal level for blood alcohol." (*Id.* ¶ 18).

About ten days later, "[o]n September 13, 2010 the defendant Strayer charged plaintiff with one count of 'Driving under the Influence –- General Impairment." (*Id.* ¶ 22).[3] The charge was not supported by probable cause. (*Id.* ¶ 25). Probable cause was lacking "because the field sobriety test (and the checkpoint) conducted by the police was totally flawed both procedurally and substantively and because "the hospital's blood alcohol test indicated no unlawful level of intoxication." (*Id.* ¶ 28). On October 13, 2011, Plaintiff was found not guilty following a bench trial, with the judge writing that the Commonwealth had failed to establish every element of the crime beyond a reasonable doubt. (*Id.* ¶¶ 26-27).

IV. *Discussion*

We begin by disposing of defendant Strayer's motion to dismiss. That motion was filed because the amended complaint reiterated the claim against him for malicious prosecution. For the reasons set forth in our memorandum of December 11, 2012, we will grant Strayer's motion. *Kline v. Hall*, 2012 WL 6137620, at *3-4 (M.D. Pa.). As we did before, we will also dismiss the malicious prosecution claim as against DeWitt and Hall as well. *Id.* That leaves only the false arrest claim against DeWitt and Hall.

---

[3] See 75 Pa.Con. Stat. Ann. § 3802(a)(1). Plaintiff alleges that this "charge is a catch-all used by law enforcement when the totality of alcohol tests speak to the accused being below, as here, any applicable legal limits, which as a matter of law, create an irrefutable presumption of driving under the influence." (Compl. ¶ 23).

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).

Defendants DeWitt and Hall repeat their previous arguments against the false arrest claim. They argue that the claim fails because Plaintiff is collaterally estopped from relitigating the issue of probable cause by the decision of the trial judge to deny Plaintiff's motion for judgment of acquittal at the end of the Commonwealth's case against him during his criminal trial. They also argue that the claim must be dismissed because the finding by a Pennsylvania magisterial district judge that there was probable cause to bind Plaintiff over for trial shows that Defendants did have probable cause to arrest Plaintiff. For the reasons set forth in our memorandum of April 25, 2013, we reject these arguments. *Kline v. Hall*, 2013 WL 1775061, at *4-5 (M.D. Pa. April 25, 2013).

Since Plaintiff attempted to incorporate the transcript of his criminal trial into his amended complaint, Defendants also argue that the amended complaint fails to allege a lack of probable cause, once Defendants' testimony in the transcript is taken into account. Thus they argue there was probable cause because the transcript shows the following: (1) Plaintiff failed to stop at the DUI checkpoint (Doc. 38-2, ECF p. 18); (2) after driving through the checkpoint he pulled partway off the highway as if he were going to stop but then kept going (*id.*, ECF p. 19); (3) defendant DeWitt observed that Plaintiff smelled of alcohol, had glassy and bloodshot eyes, spoke with a "thick tongue" (a more

-8-

enunciated speech that was difficult to understand), (*id.*, ECF pp. 61-62), and that he failed two field sobriety tests.  (*Id.*, ECF pp. 62-63).

Plaintiff has provided us with no authority for the procedural correctness of attempting to incorporate the criminal transcript into his amended complaint, or at least attempting to refer to a transcript that was already placed on the docket.  Oddly enough, it is Defendants who attempt to justify the maneuver, or at least the propriety of looking at the transcript on a motion to dismiss.  They acknowledge that the court is generally limited to examining only the allegations of the complaint.  *Byers, supra,* 600 F.3d at 297 ("the general rule [is] that a motion to dismiss for failure to state a claim is to be evaluated only on the contents of the pleadings").  However, they cite authority allowing the court to also "'consider any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'"  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)(quoted treatise omitted)(brackets added in *Buck*).

We agree that the court is not always limited to the allegations of the complaint.  However, a transcript of a prior proceeding is not among the additional items that can be considered.  *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004)(district court improperly took judicial notice of deposition testimony in a prior proceeding for the truth of a fact asserted therein)(citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 427 (3d Cir. 1999)), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127

S.Ct. 1955, 167 L.Ed.2d. 929 (2007). To do so would convert the motion to dismiss into one for summary judgment. *Lum*, 361 F.3d at 221 n.3.

In resolving the instant motions to dismiss, we will therefore look only at the allegations of the amended complaint.[4] In doing so, we reject Defendants' contention that the amended complaint establishes that they had probable cause to arrest Plaintiff as we cannot consider their testimony from the criminal proceedings on a motion to dismiss. We also conclude that Plaintiff has still failed to allege the lack of probable cause with sufficient specificity.

Absent the references to the transcript, the amended complaint adds the following allegations concerning probable cause that were not present in the original complaint. First, "defendants Hall and DeWitt did not ask required field sobriety test screening questions[,] plaintiff was not a qualified candidate for such a test[; and] defendant's conduct of the test was faulty." (Am. Compl. ¶ 14a). Second, "Officer DeWitt and Hall, admittedly not up to training standards, failed to properly apply eye color ("bloodshot eyes") and ("odor of alcohol standards") in the screening and conduct of their faulty and unreliable field sobriety test used against plaintiff." (*Id.*, ¶ 14b). Third, "DeWitt with Hall conducted the 'one leg stand' and the 'walk in (sic) turn' test in a faulty manner." (*Id.* ¶ 14c). "[P]laintiff was over 50 pounds overweight and not [a] candidate for the test. He thus returns false positives applicable to field sobriety tests about which Hall and

---

[4] We note, in any event, that even if we were willing to examine the transcript, the entire transcript was not docketed, and Plaintiff has cited in paragraph 14a to portions of the transcript that are not before us.

-10-

DeWitt were trained but which they failed to follow." (*Id.*). Fourth, "Plaintiff was improperly told to walk heel to toe, touching heel to toe which is not proper under NHTSB (sic) standards." (*Id.* ¶ 14d). Fifth, "Hall used incorrect non-applicable faulty criteria in his field sobriety test such as a nonexistent bloodshot eyes standard." (*Id.* ¶ 14f). Sixth, "Plaintiff Kline was never asked if he was a diabetic (which he is) nor was he asked any other necessary and essential medical screening questions as per NHSTB (sic) requirements." (Id. ¶ 14g). Seventh, "Hall admitted he conducted the standardized field sobriety test incorrectly in Mr. Kline's case." (*Id.* ¶ 14h).

It is readily apparent that these allegations are just as conclusional as the allegations concerning probable cause that also appeared in the original complaint. The allegations concerning Plaintiff's weight come close to being sufficient, but Plaintiff does not allege what test he was not suitable for based on his weight or facts indicating why his weight meant that the test had no bearing on probable cause. The allegations that he was improperly told to walk heel to toe and that he was not asked if he was diabetic also come close, but again Plaintiff does not allege facts indicating how these averments have a bearing on probable cause. In any event, Plaintiff must cure the deficiencies in the other allegations. Plaintiff has thus failed to allege sufficient facts in support of his conclusional allegations. The false arrest claim must therefore be dismissed.

We must decide whether to allow another opportunity to amend. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007). We will permit Plaintiff to do so because we cannot say at this point that

-11-

amendment would be futile, or that counsel could not supply the necessary allegations in a second amended complaint after review of the criminal transcript. Contrary to Plaintiff's position, it is not the court's obligation, nor that of Defendants, to read the transcript and guess at the allegations that would support his claim. Instead it is the job of his attorney to draft a complaint that satisfies Rule(a) and *Twombley, supra*.[5]

We will issue an appropriate order.

    /s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: September 24, 2013

---

[5] Defendants raise the defense of qualified immunity. We will not rule on that defense at this time, and Defendants can raise it later. We should first see if Plaintiff can plead a valid false arrest claim, and any specificity Plaintiff adds to the claim will affect the disposition of a qualified immunity defense.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARRY RAY KLINE, :
    Plaintiff :
 :
  v. : CIVIL NO. 1:12-CV-1727
 :
KENNETH HALL, :
TERRY DEWITT, and :
PRESTON STRAYER, :
    Defendants :

*O R D E R*

    AND NOW, this 24th day of September, 2013, it is ORDERED that:

    1. The motion (Doc. 48) to dismiss filed by defendant Strayer is GRANTED.

    2. The motions (Doc. 46 and 50) to dismiss filed by defendants Hall and DeWitt are GRANTED.

    3. Plaintiff is granted twenty-one (21) days from the date of this order to file a second amended complaint setting forth with sufficient factual allegations his false arrest claim against Hall and DeWitt.

    4. If Plaintiff fails to do so, this action will be dismissed.

                        /s/ William W. Caldwell
                          William W. Caldwell
                          United States District Judge